ISAAK WALTON LEAGUE OF AMERICA *v.* JENKINS ET AL.

[No. 15,751. Filed January 18, 1937. Rehearing denied March 24, 1937.]

*David E. Rosenfeld,* for appellant.

*George W. Wells* and *Charles C. Whitlock,* for appellees.

DUDINE, J.—This is an appeal from an award of the Industrial Board granting appellees, as dependent par-

ents of Leon Jenkins, *double* compensation on account of the death of their said son resulting from an accident arising out of and in the course of his employment by appellant. Leon Jenkins was a minor between sixteen and eighteen years of age at the time of the accident.

The evidence shows that appellant was operating a swimming beach, and employed decedent to take in tickets, paint and repair boats, serve as a life guard and work generally in and about the beach. At the time of the accident, decedent was engaged in "fixing" an electric light on a pole on the beach. This pole supported high tension wires, four hundred and forty volt service wires and one hundred and ten volt service wires. The high tension wires were about six or eight feet above the service wires. The superintendent of the beach had placed a ladder against the pole, and found that it was not long enough to enable him to fix the light, and had sent someone for another ladder when decedent approached and said he could "get up there," and proceeded up the pole, above the light to the top of the pole, and threw his arm over a cross-arm and thus came in contact with the high tension wires, whereupon he "froze" to the wires and in a few moments fell to the ground and died. Decedent had assisted in erecting said wires and the poles supporting them a few days previously to the accident.

The error assigned on appeal is that the award is contrary to law. There is, in effect, but one question presented, and that is the question whether or not double compensation should have been awarded.

Sec. 40-1701, par. b, Burns 1933, §16449 Baldwin's 1934, provides:

> ". . . if the employee be a minor who, at the time of the accident, is employed, required, suffered or permitted to work in violation of any of the provisions of any of the Child Labor Laws of this state,

the amount of compensation and death benefits, as provided in this act, shall be double the amount which would otherwise be recoverable."

Appellees contend that decedent, at the time of the accident, was employed, required, suffered or permitted to work in violation of Sec. 28-523 Burns 1933, §6716 Baldwin's 1934, which is Sec. 23, Acts 1921, "An act concerning the school attendance and the employment of minors, fixing penalties, etc." That section provides:

"No minor under the age of eighteen (18) years shall be employed, permitted or suffered to work in any capacity in any of the following occupations: Oiling and cleaning moving machinery, in the operation of emery wheels, except for the sharpening of tools used by an apprentice in connection with his work, or at any abrasive, polishing or buffing wheel, in the operation of any elevator, life (lift), or hoisting machine, in or about establishments where nitroglycerine, dynamite, dualin, guncotton, gunpowder, or other high explosives are manufactured, compounded or stored, in dipping, dyeing or packing matches, in any saloon, distillery, brewery or any other establishment where malt, or alcoholic liquors are manufactured, packed, wrapped or bottled, *or in any other occupation dangerous to life or limb, or injurious to the health or morals of such minor. . . .*" (Our italics.)

It is clear that if decedent was employed in violation of any provision of our child labor laws, his employment must be classified as being included in the occupations intended by the legislature as "any other occupation dangerous to life or limb. . . ."

The Industrial Board found "that at the time of the accidental injury and death of the said Leon Jenkins he was performing work which was hazardous and dangerous to life, in violation of the Child Labor Laws of the State of Indiana."

Appellant contends there is no proof that decedent "was engaged in an occupation dangerous to life or limb."

We hold that the evidence above referred to is sufficient to sustain the finding that at the time of the accident decedent was engaged in work which was "dangerous to life," hence in violation of said Child Labor Law.

No reversible error having been shown the award is affirmed, and it is ordered that the award be increased 5% as provided by statute.